(Decided October 7th 1864 )

SALLY DORSEY AND JOHN C. DORSEY, EXEC'RS OF FREDERICK DORSEY *vs.* THOMAS G. HARRIS, ADM'R OF ANN HARRIS, USE OF ROBERT FOWLER.

PRACTICE : PRAYERS AND INSTRUCTIONS TO THE JURY.—A plaintiff in attachment offered an instruction; that although the jury should find certain facts not amounting to full proof of the right of the defendants to the credits attached, "yet under the pleadings and evidence in the cause, the defendants are not entitled to recover."—HELD :

That the instruction failing to point out any particular error or omission in the proof, or to raise any definite question as to its sufficiency was improperly granted.

APPEAL from the Circuit Court for Washington County:

This is the case of an *Attachment on a Judgment*, recovered by the appellee against John C. Dorsey, in March 1851, and revived by *sci. fa.* in March 1857. The attachment was issued on the 9th of February 1859, and on the same day laid in the hands of numerous parties to affect the right and credits of the said John C. Dorsey, the defendant in the judgment.

The appellants, as executors of Frederick Dorsey, deceased, came into Court and claimed the rights and credits attached, and pleaded that the plaintiff ought not to have condemnation thereof, because they say that the

said rights and credits are not the rights and credits of the said John C. Dorsey. On this plea the plaintiff joined issue, and on this issue the case was tried.

*Exception.* The plaintiff offered in evidence the judgment on which the attachment issued, being a judgment for $500, with interest from the 25th of September 1843, and costs, and the writ of attachment and the sheriff's returns thereto, and rested his case.

The claimants, to maintain the issue on their part, offered in evidence the following assignment, proved to have been executed by the said John C. Dorsey:

"In consideration of Fred. Dorsey and David Claggett having become my endorsers for a considerable amt. of money, I hereby assign all my right, title and interest in and to all notes, accts., &c., on the ledger of the firm of Fred. Dorsey & Son, to said Fred. Dorsey and David Claggett, from folio 1 to folio 675, inclusive. The above assignment to be released on the payment of their endorsements in full. Given under my hand and seal this 1st day of Apl. 1856.

JOHN C. DORSEY. (Seal.)"

The claimants also proved, that the credits attached were due to said Frederick Dorsey and John C. Dorsey, as partners, and that the attachments were laid on the interest or share of John C. Dorsey. They further proved that said Frederick Dorsey named in said assignment, was surety for John C. Dorsey on a sealed bill for $55,000, dated 1st of January 1849, signed by the said John C. Dorsey, Frederick Dorsey and David Claggett, in favor of John Newcomer, president of the school fund of Washington County, and that David Claggett, named in said assignment, was surety on a promissory note for $2,750, signed by John C. Dorsey, David Claggett and Samuel B. Claggett, in favor of the Hagerstown Bank, and that these suretyships are outstanding and unsatisfied. It was further proved that said Frederick Dorsey died,

leaving David Claggett his survivor, and that the present claimants are the executors of said Frederick Dorsey. This was all the evidence in the case.

The plaintiff then prayed the Court to instruct the jury, that although they should find from the evidence, that the paper offered in evidence in this cause by the claimants, purporting to be an assignment from the said John C. Dorsey, the defendant in the writ of attachment offered in evidence, was executed by the said John C. Dorsey, at the time it bears date, and that after the execution of said paper, the said Frederick Dorsey died, leaving said David Claggett surviving him, and leaving the claimants his executors, yet, under the pleadings and evidence in the cause, the claimants are not entitled to recover. This prayer the Court granted, and to this ruling the claimants excepted.

The cause was argued before Bowie, C. J., and Bartol, Goldsborough and Cochran, J.

*A. K. Syester,* for the appellants.

The prayer is defective in not presenting any distinct proposition of law to the Court; it is general and indefinite; it does not "direct the mind of the Court to the errors or omissions in the proof" by the claimant. *Hatton vs. McClish,* 6 *Md. Rep.,* 407, 417. A prayer must be so framed as to "confine" the Appellate Court "to the consideration of the very question submitted to the Court below." It must appear affirmatively from the prayer itself, what point or question was before the Court below. *Tyson vs. Shueey,* 5 *Md. Rep.,* 540, 553, and the cases there cited.

*Wm. Motter* and *O. Miller,* for the appellee argued:

1st. That the issue in the case is solely whether the audits attached are the credits of John C. Dorsey; and

2nd. Supposing the credits attached are covered by the assignment, still that assignment is not an *absolute* assignment, and cited *Jones vs. Hardesty et al.,* 10 *G. & J.,* 419 and 420, and *Slater vs. Magraw,* 12 *G. & J.,* 265.

COCHRAN, J., delivered the opinion of this Court.

This case was brought up, on an exception taken to the granting of a prayer offered by the appellee, instructing the jury, that upon the pleadings and evidence, the appellants, as claimants of the credits attached were not entitled to recover. The objection made to this prayer, is, that it was too general, and in that view we concur. Since the Act of 1825, ch. 117, the question as to the sufficiency of a prayer, thus generally framed, has often been considered in this Court, and, as we think, finally settled. In *Penn vs. Flack,* 3 *G. & J.,* 369, the rejection of a prayer to instruct the jury, "that the plaintiff upon the evidence is not entitled to recover on either count of the declaration," was held to be no error; and again in *Tyson vs. Shueey,* 5 *Md. Rep.,* 540, and in *Hatton vs. McClish,* 6 *Md. Rep.,* 407, the same question was considered, and the ruling in the case of *Penn vs. Flack* affirmed. In the case of *Hatton vs. McClish,* the Court said, that under the Act of 1825, "a prayer in such a case should direct the mind of the Court specifically to the supposed errors or omissions in the proof, in order that the opposite party may have the opportunity, if he can, of supplying the defects in his proof by new and proper testimony." As the prayer in this case fails to point out any particular error or omission in the proof, or raise any definite question as to its sufficiency, the judgment must be reversed

*Judgment reversed, and*
*procedendo awarded.*

(Decided October 7th 1864.)