ROMULUS R. GRIFFITH and ALVERDA, his Wife *vs.* EMMA COLEMAN, and others.

*Letters of Administration—Sec. 27, of Art. 93, of the Code.*

Letters of administration should be granted to the person entitled to the same at the time of the application therefor; and not to the person entitled at the time of the death of the intestate.

·G. at the time of her death left five children, one son and four married daughters. After a litigation of some six years it was finally determined that G. died intestate. Pending the litigation, the son and one of the daughters of G. died, as also the husband of another daughter. HELD:

That the unmarried daughter was entitled to letters of administration upon the estate of the intestate. (Sec. 27, of Art. 93, of the Code.)

APPEAL from the Orphans' Court of Baltimore City.

On the 23rd of July, 1883, a petition was filed by Romulus R. Griffith and Alverda, his wife, in the Orphans' Court of Baltimore City, asking that letters of administration be granted them upon the estate of Mrs. Sarah A. Griffith, who died in April, 1877. By an agreement which was filed, it was admitted that Mrs. Griffith left five children living at the time of her death, viz., Mary E. Farnandis, Alverda Griffith, Sarah A. Ruddach, David I.

Griffith, and Emma Coleman; and two grandchildren, namely, Sarah A. G. Diffenderfer and Charles H. G. Hungerford; that Mary E. Farnandis, Alverda Griffith, Sarah A. Ruddach, and Emma Coleman were all married women at the death of their mother, and that their husbands were living at that time; that Sarah A. Ruddach has since died, leaving two children, to wit: George Ruddach, who has since died, and Mary V. Ruddach; that Charles R. Coleman died on the 21st day of December, 1882, leaving the said Emma Coleman his widow; that David I. Griffith died on the 21st day of June, 1883, and that Alverda Griffith and Mary E. Farnandis are now living and still married, and are the two oldest children of the said Sarah A. Griffith. After a hearing, the Court being of the opinion that the said Emma Coleman, being a *féme sole,* was entitled, under the statute, to administer, ordered letters of administration to be granted to her, and dismissed the petition of Griffith and wife. From this order Griffith and wife appealed.

The cause was argued before ALVEY, C. J., STONE, ROBINSON, IRVING, and RITCHIE, J.

*Samuel Snowden,* for the appellants.

*Charles Beasten, Jr.,* and *Charles Marshall,* for the appellee, Mrs. Coleman.

ROBINSON, J., delivered the opinion of the Court.

Mrs. Sarah A. Griffith died in 1877, leaving a paper purporting to be her last will and testament, to the probate of which a caveat was filed, and upon issues sent to the Baltimore City Court, a verdict was rendered in favor of the *caveators.* At the trial, exceptions were taken to the rulings of the Court, and upon appeal, these rulings were reversed, and a new trial awarded. The case was

tried a second time, and again the verdict was in favor of the *caveators.* Exceptions were also taken to the rulings of the Court in the second trial, and on appeal, the rulings were affirmed. Upon the verdict thus rendered an order was passed by the Orphans' Court of Baltimore City, on the 21st day of July, 1883, setting aside the paper purporting to be the will of the deceased.

It thus appears, a period of six years elapsed before the question of *intestacy* was finally determined.

At the time of her death, Mrs. Griffith left five children, one son, and four *married* daughters. Pending the litigation, the son, and the husband of the appellee, Mrs. Coleman, one of the daughters, died. The sole question in this appeal is whether the appellee, Mrs. Coleman, being the *only daughter unmarried,* is entitled to letters of administration? And this depends upon sec. 27, Art. 93, of the Code, which provides that,

"A *féme sole* shall be preferred to a married woman in equal degree."

If the priority of right is to be determined by the *status* of the parties at the time the application is made, then the appellee is unquestionably entitled to letters, because she was the only *unmarried daughter* at that time. But it is argued, that this right must be determined as of the *time of the death* of the intestate, and the four daughters being married at that.time, the granting of letters was a matter resting in the discretion of the Court. We find nothing in the Code to justify this construction. When administration is granted upon the death of the intestate, the order of priority must of course be determined at that time. If, from any cause however, the administration is delayed, and the party first entitled should die, then the next *in preference* would be entitled, and so on.

Now, in this case, pending the decision of the question of intestacy, the son, first preferred, died, and then the husband of the appellee, Mrs. Coleman, and when it be-

came the duty of the Orphans' Court to grant letters, she was the only unmarried daughter, and being unmarried, she was clearly entitled to *priority.* Then, and then for the first time, was the Court called upon to decide the question of preference, and it was one to be determined by the *status* of the parties *at that time.*

The statutes of 31 Edw. III, ch. 11, and 21 Hen. VIII, ch. 5, sec. 3, differ so widely from the provisions of our Code in regard to administration, that the decisions of the English Courts afford us but little aid in the determination of the question before us. Under these statutes it was in the discretion of the Ordinary to grant letters to the widow, or to the next of kin, or to both. If all those who were next of kin at the time of the death of the intestate, died, the English Courts held, that the representative of such next of kin was entitled. And why? Because prior to the Statute of Distributions, 22 and 23 Car. II, ch. 10, the administrator was entitled to the entire surplus, after the payment of debts, and the next of kin being entitled to administration, and thereby having a beneficial *interest* in the effects of the deceased, the representative of such next of kin was preferred. The decisions are all based on the ground of *beneficial interest* in the representative of such next of kin. *Savage vs. Blythe,* 2 *Hagg. App.,* 150 ; *Almis vs. Almis, Ib.,* 155; *Palmer vs. Allcock,* 5 *Mod.,* 58; *Rex vs. Hay,* 1 *W. Black.,* 641.

The administrator in this State has no beneficial interest in the personal property of the intestate, and merely holds it in trust for the payment of debts, and for distribution among the parties entitled. So the argument from analogy fails. The appellee, Mrs. Coleman, being the only daughter *unmarried* at the time application was made, we are of opinion that she is entitled to letters of administration, and the order appealed from will, therefore, be affirmed.

*Order affirmed.*

(Decided 25th January, 1884.)