William R. McLaughlin et al., as Executors, etc., Appellants, *v.* Ira O. Miller, Respondent.

The legislative power is ample to provide for a municipal improvement, and for that purpose to designate the district deemed benefited by it within the municipality, charge the expense of it upon the property in such district and direct assessments to be made therefor.

Where, however, the duty of distribution of such expense by assessment upon the several properties within the designated district is by the statute devolved upon any board or officer, some provision for notice to the property owners is essential; as without an opportunity to be

heard they would be deprived of their property without due process of law.

In an action for breach of a covenant against incumbrances in a deed of certain premises in the city of Brooklyn, executed by defendant to McL., plaintiff's testator, in 1872, it appeared that prior to the execution of the deed the street in front of said premises had been improved pursuant to several acts of the legislature (Chap. 335, Laws of 1860; chap. 299, Laws of 1861; chap. 748, Laws of 1865; chap. 885, Laws of 1867; chap. 759, Laws of 1869; chap. 608, Laws of 1870), which provided among other things that, after the completion of the improvement, $150,000 of its cost should be "assessed equally upon the lands fronting upon' said " street, and that such assessment, "unless previously paid," should, with interest thereon, be included in the annual taxes to be levied upon such lands, and one-twentieth part of such assessment be levied and collected annually for twenty successive years, beginning with the year after the completion of the improvement. No provision was made for notice to the lot owners; nor was a method prescribed of ascertaining the amounts chargeable upon the different parcels of land. The improvement was completed in 1870. In the assessment-roll for that year the sum of $550.12 was designated as the portion chargeable to the lots in question and the installment for that year was included with other taxes; this was paid by defendant, also the similar install-ment for 1871. It did not appear that any notice or opportunity to be heard was given to the property owners or that an assessment of the amount was in fact made by the city board of assessors. Plaintiffs claimed to recover the subsequent installments paid by McL. *Held*, that the burden was upon plaintiffs to prove that the assessment had been made and had become a charge or incumbrance on the property at the time of the conveyance; that as the determination of the amount to be assessed upon each lot was left by the legislature to others, the owners had a right to be heard; and, therefore, that the amount chargeable upon the lots in question was not legally ascertained and determined at the time of the delivery of the deed, so as to make it a charge or incumbrance within the meaning of the covenant and, so, that the action was not maintainable.

Also *held*, the fact that defendant paid the installments which fell due prior to the conveyance, did not by way of adoption or approval of the assessment, conclude him from claiming that it was not then a charge or incumbrance on the premises.

*Hagar* v. *Reclamation District* (111 U. S. 701), distinguished.

Reported below (58 Hun, 430).

(Argued March 2, 1891; decided April 7, 1891.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order

made July 31, 1890, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial at Special Term.

The nature of the action, and the facts, so far as material, are stated in the opinion.

*Tunis G. Bergen* for appellants. The total amount of the assessment charged against the lots was fixed, ascertained and determined, and inserted in the rolls for the year 1870, and so became a charge upon the lands under the covenants in the deed delivered in 1872. (*Depeyster* v. *Murphy*, 66 N. Y. 622; *Dowdney* v. *Mayor, etc.*, 54 id. 186; *Lathers* v. *Keogh*, 109 id. 583, 590; *Harper* v. *Dowdney*, 113 id. 644; Laws of 1861, chap. 299, § 6; Laws of 1869, chap. 759, § 2; Laws of 1870, chap. 608, § 2.) Defendant is estopped in this action by his vendee from seeking to avoid this assessment. (*Tingue* v. *Village of Portchester*, 101 N. Y. 300; *Storrs* v. *Barker*, 6 Johns. Ch. 166; *Mayor, etc.*, v. *Scott*, 1 Penn. St. 309; *Raw* v. *Potts*, 2 Prec. in Chan. 35; *Hobbs* v. *Morton*, 1 Vern. 136; Story's Eq. Juris. §§ 388, 799, 1237; *Depeyster* v. *Murphy*, 66 N. Y. 622.) If defendant should be allowed (which is denied) to attack any of the proceedings, to show they were defective, or to go behind the returns and produce evidence *aliunde*, the affirmative of the issue is upon him. (*Heineman* v. *Heard*, 62 N. Y. 455; *Tingue* v. *Village of Portchester*, 101 id. 299; *Bank of U. S.* v. *Bandridge*, 12 Wheat. 64; *Mandeville* v. *Reynolds*, 68 N. Y. 534; *In re Roberts*, 81 id. 68; *Bradley* v. *Ward*, 58 id. 409.) The statutes in question fix the district of assessment, the amount to be raised, outside of city bonds, as $325,000, and without reference to any apportionment as of value, etc. These things cannot be reviewed by courts upon grounds that the legislature acted unjustly. (*Spencer* v. *Merchant*, 100 N. Y. 587; *Hartshorn* v. *Cleveland*, 19 Atl. 974.) The defendant has raised the point that the statutes in question were unconstitutional, in that they do not provide for a notice to the property owners, and cites the well-known case of *Stuart* v. *Palmer* (74 N. Y. 183). It is respectfully submitted that

the case at bar is not governed by that decision. (111 U. S. 701; 56 N. Y. 261; *Davidson* v. *New Orleans*, 96 U. S. 619; *People* v. *City of Brooklyn*, 4 N. Y. 419; *Harrisburg* v. *McCormick*, 129 Penn. St. 213; 84 N. Y. 619; *O'Reilly* v. *Kingston*, 114 id. 448.)

*Alfred E. Mudge* for respondent. The acts in question did not contemplate the laying of an assessment which should be a lien in its entirety from the beginning. (Laws of 1861, chap. 229, § 6; *Barlow* v. *S. N. N. Bank*, 63 N. Y. 399; *Lathers* v. *Keogh*, 39 Hun, 576.) No valid assessment was laid for the cost of the improvement before the delivery of the deed to the plaintiff's testator. (Laws of 1370, chap. 608, § 2; *Stuart* v. *Palmer*, 74 N. Y. 183; Laws of 1854, chap. 884, §§ 21–26.) But the acts providing for the assessment are unconstitutional and void, in that they do not provide for a notice to the property owners, giving them an opportunity to be heard. (*Stuart* v. *Palmer*, 74 N. Y. 183; *Remsen* v. *Wheeler*, 105 id. 573; *Weimer* v. *Brueinbury*, 30 Mich. 201; *Spencer* v. *Merchant*, 100 N. Y. 585.) No portion of the $150,000 to be assessed on the property conveyed by the defendant had been ascertained prior to the delivery of his deed. There was, therefore, no charge upon the land. (*Dowdney* v. *Mayor, etc.*, 54 N. Y. 186.)

Bradley, J.  In July, 1872, the defendant by deed, conveying to the plaintiffs' testator four lots fronting on Fourth avenue in the city of Brooklyn, covenanted that they were free from all " charges, estates, judgments, taxes, assessments and encumbrances," except a mortgage therein mentioned. This action was founded upon the alleged breach that at the time of the delivery of the deed, the premises were incumbered by an assessment before then made upon them for a portion of the expense of widening and improving that avenue; and that to relieve the property from such charge the plaintiff was required to and did pay upwards of seven hundred dollars. The improvement was made pursuant to several acts of the

legislature, and was completed in the summer of 1870, about two years prior to the conveyance.

By the statute upon the subject, it was provided that after the completion of the improvement the sum of one hundred and fifty thousand dollars of its cost should be " assessed equally upon the lands fronting upon said avenue when so widened," except so far as any of them were by the contract exempted from assessment ; and that such assessment, " unless previously paid," should with interest thereon be included in the annual taxes to be levied upon such lands, and one-twentieth part of such assessments be levied and collected annually for twenty successive years, beginning with the year after the completion of the improvement. (Laws 1861, ch. 299, § 6.) The controversy between the parties has relation only to the portion of the sum before mentioned chargeable to the lots in question. The further sums of $150,000 provided for by L. 1869, ch. 759, § 2, and $25,000 by L. 1870, ch. 608, § 2, were to be assessed immediately on completion of the work. The defendant paid the taxes on those four lots for 1870 and the amounts included in the general taxes in the rolls for the Fourth avenue improvement down to the time of the delivery of the deed to the plaintiffs' testator, and the latter paid the amounts included in the subsequent tax-rolls for that improvement and interest. The sum designated in the assessment-roll for the Eighth ward, in which was situated these lots, as the portion of the sum first mentioned chargeable upon them was $550.12. The question now presented is whether the amount of it remaining at that time unpaid, was a lien or encumbrance upon the lots at the time the deed was delivered. After the completion of the work, proceedings may have been taken to apportion the $150,000 upon lands fronting on the avenue with a view to the levy of the installments for the next year and each of the twenty years unless sooner paid. For that purpose it would be necessary in the outset to ascertain and fix the amount of that sum chargeable upon those lots. The method of doing this was not prescribed by the statute before referred to other than it was to be assessed equally upon the lands fronting on

the avenue. Nor were the officers by whom it was to be done designated in the legislation upon the subject until the act of 1870 providing for the additional $25,000. There it was provided that upon the passage of that act the board of assessors of the city should immediately proceed to assess such sum of $25,000 equally upon the lands fronting on the avenue, together with the amounts theretofore "authorized to be assessed upon said lands, except so far as any of said lands are exempted from assessment." This statute may be construed as authorizing and directing the assessment of the entire sum of $325,000 upon the lands fronting on the avenue, as soon as practicable after completion of the work, although only one-twentieth of the $150,000 was to be levied and collected in any one year, until the full amount of it was collected or paid. The assessment for the purpose of a levy would necessarily constitute an apportionment; and when legitimately made and the sum chargeable upon those four lots legally ascertained and determined, such amount would seem to have been a charge and encumbrance upon them within the meaning of the covenant in the deed. (*Harper* v. *Dowdney*, 113 N. Y. 644; *Lathers* v. *Keogh*, 109 id. 583; *DePeyster* v. *Murphy*, 66 id. 622; *Dowdney* v. *Mayor*, etc., 54 id. 186.)

The contention on the part of the plaintiffs that the total amount of the charge upon these lots for the improvement was ascertained and fixed prior to the delivery of the deed, is founded upon the fact that a sum as such was inserted in the assessment-rolls for 1870 and 1871, confirmed by the board of supervisors and, with their warrant annexed, delivered to the city tax collector. The assessment-roll of 1870 for the Eighth ward as sent by the city board of assessors to the board of supervisors of Kings county, contained the numbers of these four lots and opposite them respectively under heading "Fourth Avenue Improvement" sums aggregating $550.12, and when it, with the warrant, came to the collector there appeared in another column headed "General Tax" the annual installments of such sums with other taxes; and the same may be said of the roll of 1871. In the resolution of the board of supervisors no refer-

ence was made to that improvement, but in the warrant the collector was directed to collect a specified amount exceeding $108,000 on account of assessment for Fourth avenue improvement and a sum mentioned as interest on balance of the assessment. This probably included a portion of the additional sum of $175,000 provided as before mentioned for the work. At the time the assessment-roll was confirmed by the board of supervisors it was completed and in the condition it was when it went to the collector. This is substantially all that appears as to the manner the apportionment of the cost of the improvement was made, except that it did appear and was found by the court that the amounts inserted against the lots in question as the portion chargeable to them respectively, was arrived at by dividing the entire amount of the $150,000 by the number of feet and inches of property fronting on the avenue. And it was further found that there was no evidence that any notice, or opportunity to be heard, was given to the property owners affected, in reference to any assessment for the Fourth avenue improvement. If notice was necessary to render the apportionment effectual, it could only have been given pursuant to the provisions in that respect of the city charter relating to assessments (L. 1854, ch. 384, tit. 4, § 24), as nothing is contained in the special acts providing for the improvement on the subject of notice. It is, however, said that no judicial or discretionary act was to be performed by the officers in making the assessment, and, therefore, no notice to the property owners was necessary. And in support of that view it is claimed that the construction of the language of the statute that the cost of the improvement should be " assessed equally upon the lands fronting upon the avenue," is such as to confer only the mechanical or clerical duty of dividing the entire amount of the assessment by the number of feet and inches fronting on the avenue, and thus obtaining a unit per foot or inch, and in that manner the means of ascertaining the sum chargeable upon any given lot. The legislative power is ample to provide for a public improvement, and for that purpose to designate the district deemed benefited by it within the municipality

where it is to be made and charge the expense of it upon the property in such district, and direct assessments to be made for it there. (*In re Van Antwerp*, 56 N. Y. 261; *Spencer* v. *Merchant*, 100 id. 585.)

But when the duty of distribution of. such expense of the work by assessment on the several properties within the designated district so charged with the burden is by the legislature devolved upon any board or officer, some provision for notice to the property owners is essential to the validity of the assessment, as without the opportunity to be heard they are denied the benefit of the constitutional guaranty that they shall not be deprived of property without " due process of law." This term, in its application for the protection of private property as well as personal rights, is significant and quite comprehensive. (*Stuart* v. *Palmer*, 74 N. Y. 183; *Remsen* v. *Wheeler*, 105 id. 573.)

The statute in the present case directed that the sum there mentioned be assessed *equally* upon the lands fronting on the avenue, which extended into or through several wards of the city. The result of the performance of this duty would be an apportionment and the determination of the equality of the assessment upon the several parcels of land within the prescribed limits. And it cannot be held that the land owners affected by it, could lawfully be denied the opportunity to be heard at some stage of the proceeding of making or perfecting the assessment. Nor is the question now one of the correctness of the manner of making the assessment or of its equality as made. Nor is the inquiry important whether or not it would have resulted any differently if notice had been given to the land owners. The determination of the amount to be assessed upon each lot was left by the legislature to others, and the land owner had the right to be heard and to challenge the manner of executing the statute in making the assessment, and to see that it was correctly accomplished. This it seems he had no opportunity furnished by any notice provided by statute to do.

In the cited case of *Hagar* v. *Reclamation District* (111 U. S. 701), there was notice by legal proceedings, as the assess-

ment could only be enforced by such proceedings. But Mr.
Justice Field in that case referred to cases where no notice is
necessary, and they are those specifically charged by law, such
as the tax on animals of a fixed sum per head, or on articles of
a fixed sum per yard or bushel or gallon, and to taxes in form
of licenses to do business of a particular kind or at a particular
place.

In the case at bar the legislature did not apportion the
assessment or designate the amount which should be charged
upon any lot or per foot of the lands on the avenue, but
declared that the result of the apportionment should be such
as to produce equality of the burden of it upon all such lands.
This called for a determination in some sense judicial as to the
method which would effectuate that provision of the statute.
Upon this subject, as well as that of the correctness of the
execution of the statute in relation to making the assessment,
the land owners could not lawfully be denied the opportunity
to be heard. And in view of the facts as found by the trial
court the amount of the assessment upon the four lots in
question was not legally ascertained and determined at the
time of the delivery of the deed to the plaintiffs' testator.

As before mentioned, the duty of making the assessment
was, by the act of 1870, devolved upon the city board of
assessors. The court did not find that it was so done, but on
the contrary found a state of facts to the effect that there was
no evidence that such board made such assessment; and the
record before us supports that conclusion. The burden was
with the plaintiffs to prove that the assessment had been made
and became a charge or incumbrance on the lots at the time
of the conveyance.

When it appears that an official act has been done, the regu-
larity of its performance may be presumed, but the presump-
tion of performance of official duty or act which is a
jurisdictional prerequisite to further action does not generally
arise without the aid of some statute. There is no report or
certificate of the board of assessors that they had made the
assessment. And the trial court found that there was no evi-

dence produced, other than that contained in its findings, of any assessment or attempt to lay it for the improvement. It is, therefore, difficult in any view to see how the assessment can be treated as having been legitimately or effectually apportioned or made. While it apparently may seem equitable that the defendant should have paid the amount of it, because the work was completed and its benefits realized prior to the conveyance, the plaintiffs' remedy rests wholly upon the covenants in the deed, and recovery was dependent upon breach existing at the time of its delivery and acceptance.

The fact that the defendant paid the installments prior to the conveyance did not, by way of adoption or approval of the assessment, conclude him in his defense to the effect that it was not then a charge or incumbrance upon the premises.

If these views are correct the judgment should be affirmed

All concur.

Judgment affirmed.