Mottu *vs.* Fahey.

(Decided 12th January, 1894.)

## THEODORE MOTTU *vs.* JAMES FAHEY.

*Justice of the Peace—Return of Proceedings to Superior Court—Power of Amendment—Ex parte Trial—Fixing day of Trial.*

The Superior Court of Baltimore City has power to authorize the amendment of the record of proceedings before a justice of the peace returned to it, so as to show that the defendant therein had been summoned, even after the Court has passed an order ratifying the sale of real estate under such proceedings.

The provision of section 9 of Article 83 of the Code of 1860, that the constable shall make return to the justice "who shall forthwith deliver all of the said return to the Clerk of the Superior Court of Baltimore City," applies only to the first filing of the proceedings, and does not prevent the constable from re-filing the same after they have been amended under an order of the Superior Court.

Under section 19 of Article 51, of the Code of 1860, providing that if a "summons shall be returned summoned, and [the defendant shall fail to appear on the return day thereof, then the justice shall fix a day of trial not less than six nor more than fourteen days from the return day, and proceed to try the case *ex parte*," it is not required that the record shall show that the fixing of the day was in writing; it is sufficient if it appear that in fact the case was properly fixed or ruled for trial, and a trial was had within the specified time.

APPEAL from the Court of Common Pleas.

The case is stated in the opinion of the Court.

The cause was argued before ROBINSON, C. J., BRYAN, FOWLER, PAGE, McSHERRY, and BOYD, J.

*George R. Willis*, and *Thomas R. Clendinen*, for the appellant.

*James McColgan*, for the appellee.

FOWLER, J., delivered the opinion of the Court.

This is an action of ejectment. The plaintiff, who is the appellee here, claims under a deed which sets forth a merely nominal consideration from one Michael Kelly, dated subsequent to the deed, under which the defendant, Theodore Mottu, claims.

This is the second trial of this action brought by the plaintiff to recover the property in question.

In the first trial the plaintiff claimed, as he does now, under his deed from Kelly, and the defendant rested his

case upon certain magistrate's judgments against said Kelly and the proceedings thereon, which had been recorded and returned to the clerk of the Superior Court under the Code of 1860, Article 83, section 9. The defendant's title rested on the validity of the proceedings so recorded, and on the appeal taken from the judgment in the first trial it was held that the record of the magistrate's judgments and the proceedings thereon were fatally defective, because there was nothing therein to show that Kelly had ever been summoned, and that, therefore, the judgments against him, the sale of the property in question to the defendant, Mottu, in this case, and the deed to him by the constable, were all void. *Fahey vs. Mottu,* 67 *Md.*, 250. The cause having been remanded by this Court for a new trial, the defendant, Mottu, thereupon applied to the Superior Court for leave to withdraw the original papers in the magistate's cases and to re-file them with additional returns to remedy the defect pointed out by this Court in 67 *Md.*, 250, *supra*, namely, a failure of the record, as returned, to show that the defendant Kelly had been summoned.

On the 28th June, 1888, leave was granted as prayed, and subsequently, on the 10th of September following, the original papers, with the necessary additional returns, were filed in the Superior Court, from which it appeared that Kelly had been duly summoned. On the 27th July last the case was again tried in the Court of Common Pleas, and the question is presented whether the record of the proceedings in the magistrate's cases as amended and re-filed are, as the appellee contends, utterly null and void, or whether such record is legally admissible evidence in support of Mottu's title.

The objection made in the former case to the admissibility of the record in evidence, and to the validity of the judgments was, that it did not appear from the proceedings that a summons had been issued. And while

it is not denied, and, in the face of the explicit testimony of the constable, cannot be denied, that the defendant was in fact summoned, as now shown by the amended or corrected record of proceedings before the magistrate, it is contended that the Superior Court has no power to authorize any amendment of the record of such proceedings.    Neither reason nor authority was suggested for this position.    It would seem but reasonable that the Court which takes jurisdiction, to which the sale is reported, and by which it was required, under the provisions of the Code then in force, to be ratified, should have the same control over the record of proceedings returned by the magistrate as over its own records. When returned to the Superior Court by the justice, his proceedings became a part of the records of that Court, and the amendment authorized did nothing but allow the addition of a necessary part of the record, which had been improvidently omitted.    If, as contended by the appellee, the Superior Court has no power to order the amendment, because when it passed the order of ratification of sale it was *functus officii* as to that case, and if, as was also suggested, the justice was equally without power after making his return to the Court, no correction or amendment whatever can be made after the periods above indicated.    But such a rule seems to be an arbitrary one, would certainly result in great inconvenience, and practically prevent the correction of errors in a class of cases in which they are most frequently found.

Nor do we think there is any force in the objection that the papers were re-filed by the hands of the constable, rather than by the justice in person.    It is sufficient to say in answer to this objection that while the Code does provide that the constable shall make return to the justice, "who shall forthwith deliver all of the said return * * * to the clerk of the Superior Court," yet this

Mottu *vs.* Fahey.

provision clearly refers to the first filing of the proceed-
ings, and has, we think, no reference whatever to the
re-filing, which was done by virtue of the order of the
Superior Court, the validity of which is not to be deter-
mined by provisions of the Code relating alone to magis-
trates and constables.

It seems to us, however, without prolonging this opin-
ion, that the one sufficient answer to most of the diffi-
culties suggested by the appellee, including the failure
of the justice to rule the cases against Kelly for trial in
accordance with Article 51, section 19, of the Code of
1860, is that when the defendant has been summoned,
as the amended record shows he was, the justice then
had jurisdiction, and his failure subsequently to rule
the case for trial did not oust it. It does, however,
appear from the record that there was a substantial com-
pliance with the statute in this respect, for the record
shows that Kelly was summoned to appear on the 8th of
November, 1883, at 9 A. M. in the first case, and that on
the 15th day of the same month a trial *ex parte* was had.
The same is true as to the other case. It, therefore,
appears that the trials were postponed until the seventh
day after the defendant was summoned, and this we
think a sufficient and substantial compliance with the
Code of 1860, Article 51, section 19, that, "if the sum-
mons shall be returned summoned, and the defendant
shall fail to appear on the return day thereof, then the
justice shall fix a day of trial not less than six nor more
than fourteen days from the return day, and proceed to
try the case *ex parte*," for the statute does not require
that the fixing of a day after defendant is summoned
and fails to appear, shall be in writing, and be made a
part of the record of proceedings. It is enough that it
does appear that in fact the cases were properly fixed or
ruled for trial. It was also objected that the levies and
advertisements of sale by the constable are fatally de-

fective because of insufficient and conflicting descriptions of the property levied on and sold, but we think the proceedings are free from any such objection.

The first prayer of the appellee should have been refused. It instructs the jury that on the pleadings and evidence in this case, their verdict must be for the plaintiff for the property described. It has been held that instructions like this are defective, *Kent vs. Holliday*, 17 *Md.*, 387; *Chipman vs. Stansbury*, 16 *Md.*, 154; *Fells Point &c., Savings Inst. of Balto. vs. Weedon, &c.*, 18 *Md.*, 320; and *Dorsey's Ex'rs vs. Harris, &c.*, 22 *Md.*, 85, because they are expressed in such general terms that it is impossible to ascertain from them or the record exactly what point was intended to be decided by the lower Court. *Poe's Practice, sec.* 297.

The second prayer of the appellee excluded from the jury the amended proceedings in the magistrate's cases returned to and recorded in the Superior Court, which, when amended, as we have said, should have been admitted. It follows that the judgment appealed from should be reversed.

> *Judgment reversed, and*
> *judgment for appellant.*

(Decided 12th January, 1894.)