# MOLLIE BASSETT *vs.* MAYOR AND CITY COUNCIL OF OCEAN CITY.

*Prayers: too general; insufficient evidence. Taxes: when assumpsit lies for. Declaration: special counts; demurrers to—; erroneously overruled; when not reversible error. Taxation: municipal corporations; improvements; special benefits; legislative determination; paving streets; front foot rule.*

A prayer asking the Court to rule that "under the pleadings and evidence" in the case the plaintiff is not entitled to recover is too general and indefinite and is erroneous.

p. 118

A municipal ordinance provided that if upon certain notice property owners failed to lay pavements or board walks in front of their property, the City might do the work at the property owners' expense; the municipality brought suit against such an owner for the cost of a board walk so laid by it; the *narr.* contained the common counts and a special count reciting the ordinance and the facts, but failed to contain the statement that the property owner had failed to lay the board walk within the time provided in the notice; the defendant demurred to the special count and pleaded to the common counts. It was *held,* that the demurrer to the special count should have been sustained; but under the facts of the case this was not reversible error.          p. 119

Where the law authorizes a tax, it may be recovered in an action of assumpsit.          p. 119

Where all the evidence necessary in order to establish a plaintiff's right to recover was admissible under the common counts in the declaration, and no evidence was admitted under the special counts that was not admissible under the common counts, erroneous action of the trial Court in overruling a demurrer to the special counts does not present reversible error on appeal.          p. 119

The Legislature has the power to tax particular districts for local benefits or improvements; and to authorize a municipal corporation to open, grade, pave, curb, etc., any street, etc., and to assess the cost of the work upon the abutting property; and in the absence of any declaration or intent to the contrary, the presumption is that the Legislature considered that the assessment was for a public purpose and that the improvement would inure to the special benefit and advantage of adjacent owners upon whose property the assessment was laid.                            pp. 119-120

Where the improvement is one that may specially benefit the property upon which the assessment is made, the legislative determination of the question of benefit is regarded as conclusive.                            p. 120

The Legislature has the authority to prescribe that the cost of improving a street shall be apportioned upon the property binding thereon, either by the front foot rule, by the area of the fronting lots, or by their value, including or excluding the building upon them.                            p. 123

The provisions of section 8B of the Act of 1904, providing for the construction of pavements by the Mayor and City Council of Ocean City at the expense of the property owners in proportion to the frontage of such property do not constitute a taking of property without due process of law.   p. 123

*Decided April 11th, 1912.*

Appeal from the Circuit Court for Worcester County (JONES, J.). The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, BURKE, THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*Frederick J. Singley* and *William F. Johnson,* for the appellant.

*John W. Staton* and *Robert P. Graham,* for the appellees.

THOMAS, J., delivered the opinion of the Court.

By the Act of 1904, Chapter 658, several new sections were added to the Charter of Ocean City, giving the Mayor and City Council authority to provide for the improvement of the streets, side walks, etc. Section 8B, with which we are more particularly concerned in this case, provides as follows:

"The Mayor and City Council of Ocean City be and they are hereby authorized and empowered to require and enforce the grading, regrading, improvement, maintenance and repairs of the public streets, gutters, sidewalks alleys and ways of the town by the placing of pavements curbing, shells, dirt, boardwalks or other improvements of such material and kind as in the discretion of the Mayor and City Council may seem proper, at the expense of the owners of the abutting property, and in case of a failure of such owner or owners of such property to make such improvements or repairs in the manner and of such materials as directed by the Mayor and City Council within sixty days after written notice thereof by personal service on such owner or owners, or by mailing such notice to the last known postoffice address of such owner or owners, then the said Mayor and City Council have the power and authority to proceed to make such improvements or repairs and assess the costs thereof to the owner or owners of the abutting property in proportion to the frontage of such property, such assessment to be collected as municipal taxes are collected by law in said city; and the said Mayor and City Council are hereby given full power and authority to appoint, employ and compensate all officers, agents, servants or employees that may, in the exercise of their discretion, seem necessary or advisable to carry into effect the provisions of this and the preceding or any other section of the charter of Ocean City."

In pursuance of the authority conferred by this section, the Mayor and City Council, on the 10th of December, 1908, passed ordinance No. 102, requiring the owners of property abutting on certain streets and avenues of the city

to construct pavements and boardwalks as directed by the ordinance according to specifications adopted by the Mayor and City Council. After the expiration of the sixty days mentioned in section 8B of the Act, ordinance No. 302 was introduced for the construction by the Mayor and City Council, at the expense of the owners of the abutting property, of such of the pavements and boardwalks referred to in ordinance 102 as had not been constructed under that ordinance, and on the same day another ordinance was passed directing notice to be given to all persons concerned that ordinance No. 302 had been introduced, and that the Mayor and City Council would meet at a certain time and place for the purpose of hearing any objections to it and considering its passage. In accordance with said notice the Mayor and City Council met at the time and place appointed, and after hearing and considering all objections, ordinance No. 302 was passed. It provided that after the completion of the pavements and boardwalks therein referred to, all persons interested should be given an opportunity to object and to be heard before the cost of the same was assessed upon their property. Accordingly, after the construction by the Mayor and City Council of the pavements and boardwalks provided for in ordinance No. 302, notice was given to those concerned that the Mayor and City Council would meet on a certain day to consider the assessment of the cost of such improvements upon the abutting property and to hear any objections thereto, and after such objections were heard and considered the Mayor and City Council passed an ordinance assessing the costs of the pavements and boardwalks upon the abutting properties according to their frontage on the streets and avenues referred to in ordinance No. 302, and requiring the assessments to be collected from the owners of said properties.

The appellant was the owner of a property fronting fifty feet on the west side of Atlantic avenue, which avenue is between the properties west of it and the Atlantic Ocean. In accordance with the provisions of ordinance No. 302 the

Mayor and City Council constructed a boardwalk twenty-four feet wide on the west side of said avenue, and the amount of the assessment therefor upon the property of the appellant was $185.   The appellant having refused to pay this amount, suit was brought to recover it in the Circuit Court for Worcester County by the Mayor and City Council, and the appeal in this case is from a judgment in its favor.

At the conclusion of the case the defendant asked "the Court to rule that under the pleadings and evidence in this case the plaintiff is not entitled to recover," and the only exception in the case is to the refusal of the Court to grant that prayer.

The prayer was entirely too general and indefinite and was properly rejected.  *Dorsey* v. *Harris,* 22 Md. 85; *W. M. R. R. Co.* v. *Carter,* 59 Md. 306; *Pearre* v. *Smith,* 110 Md. 531.

The *narr.* contained the common counts and a special count.  The defendant filed the general issue plea and the plea of payment to the common counts, and demurred to the special count of the declaration, which demurrer was overruled, and this appeal brings up for review the ruling of the Court below on the demurrer.

The special count of the declaration sets out the provisions of section 8B of the Act of 1904, and alleges that the defendant was the owner of the property on Atlantic avenue; that the Mayor and City Council of Ocean City passed the ordinance requiring the defendant and others to make certain improvements, and that she was duly notified, etc., and that the Mayor and City Council made the improvements referred to in said ordinance and assessed the cost of the same upon the property of the defendant, in proportion to the frontage of said property, to the amount of $185, which amount the defendant refused to pay.   But this count omits the necessary allegation that the defendant failed to make the improvements provided for by the ordinance within sixty days after the notice required by section 8B of the Act.

Until there had been such a failure on the part of the defendant the Mayor and City Council was not authorized by section 8B to make the improvements and to assess the cost thereof upon the abutting properties. We think this count of the declaration was defective, and that the learned Court below erred in overruling the demurrer, but the judgment in the case should not be reversed because of such error. It has been repeatedly held in this State that where an act authorizes a tax it may be recovered in an action of assumpsit. *Mayor, etc., of Baltimore,* v. *Howard,* 6 H. & J. 383; *Dashiell* v. *Baltimore,* 45 Md. 615; *Appeal Tax Court* v. *W. M. R. R. Co.,* 50 Md. 274. All of the evidence necessary in order to establish the plaintiff's right to recover was admissible under the common counts, and no evidence in the case was admitted under the special count that was not admissible under the other counts of the declaration, and the defendant was not, therefore, injured by the overruling of her demurrer.

It is earnestly contended on behalf of the appellant that the boardwalk on the west side of Atlantic avenue was constructed for the benefit of the public generally, and that the cost of it cannot be assessed upon the property fronting thereon. The answer to this contention is that there is nothing in the section of the Act referred to to show that the improvement was made without regard to special benefits to the property fronting on said avenue. *Burns* v. *Baltimore,* 48 Md. 198; *Baltimore* v. *Johns Hopkins Hospital,* 56 Md. 1. It is the settled law in this State that the cost of the improvement of a street may be assessed, in whole or in part, upon the property binding on the street. In the case of *Hyattsville* v. *Smith,* 105 Md. 318, the Court said that there were two propositions firmly fixed in the law of this State; namely, "that the Legislature has the power of taxing particular districts for local benefits or improvements; and secondly, to authorize a municipal corporation to open, grade, pave, curb, etc., any street, or part of a street, and to assess the cost of doing such work upon the property binding on such street,

'or part thereof, and that in the absence of any declaration of intent to the contrary, the presumption would be that the Legislature considered that the purpose for which the tax or assessment was levied was a public purpose, and that the improvement would inure to the special benefit and advantage of the adjacent owner upon whose property the assessment is laid." It is said in *Cooley on Taxation,* Vol. 2, page 1208 (3rd ed.): "It has been repeatedly decided that the legislative act of assigning districts for special taxation on the basis of benefits cannot be attacked on the ground of error in judgment regarding the special benefits, and defeated by satisfying a Court that no special and peculiar benefits are received. If the legislation has fixed the district, and laid the tax for the reason that, in the opinion of the legislative body, such district is peculiarly benefited, its action must in general be deemed conclusive." See also the cases of *Baltimore* v. *Ulman,* 79 Md. 469; *Spencer* v. *Merchant,* 125 U. S. 345; *Parsons* v. *District of Columbia,* 170 U. S. 45; *French* v. *Barber Asphalt Paving Co.,* 181 U. S. 324. There may, of course, be exceptions to the general rule as stated by JUDGE COOLEY, but where, as in this case, the improvement is one that may specially benefit the property upon which the assessments are made, the legislative determination of the question of benefits should be regarded as conclusive. See cases collected in note VIII on pages 1158-1160, 28 L. R. A. N. S.; *Cooley on Tax.* 1174.

In *Cooley's Const. Lim.* (6th ed.), the learned author, referring to the case of *People* v. *The Mayor, etc., of Brooklyn,* 4 N. Y. 419, says on page 662, "the Court in that case concede that taxation cannot be laid without apportionment, but hold that the basis of apportionment in these cases is left by the constitution with the Legislature." After speaking of the several rules by which taxes may be apportioned, the same author says on page 624; "On the other hand, and on the like reasoning, it has been held equally competent to make the street a taxing district, and assess the expense of the improvement upon the lots in proportion to the frontage.

Here also is apportionment by a rule which approximates to what is just, but which, like any other rule that can be applied, is only an approximation to absolute equality. But if, in the opinion of the Legislature, it is the proper rule to apply to any particular ˙case, the Courts must enforce it." In the case of *Baltimore City* v. *Stewart,* 92 Md. 535, this Court said that the front foot rule of apportionment of the cost of improvements had been recognized and approved by this Court in a number of cases. *Note IX,* 28 L. R. A. N. S., page 1160.

The only remaining objection of the appellant is that the assessment amounts to taking her property without "due process of law." In the case of *Ulman* v. *Baltimore,* 72 Md. 587, this Court, reversing its previous decisions, held that an assessment under an ordinance which failed to provide for notice to the owners of property upon which the cost of street improvements was assessed was not valid and could not be enforced. That decision was based upon the case of *Spencer* v. *Merchant, supra,* and the case of *Stewart* v. *Palmer,* 74 N. Y. 183. In all three of those cases the apportionment of the costs of improvement was made by a municipal corporation, or by persons upon whom the authority had been conferred by the Legislature. In the later cases of *McLaughlin* v. *Miller,* 124 N. Y. 510, 26 *N. E.* 1104, *Parsons* v. *District of Columbia, supra,* and *French* v. *Barber Asphalt Paving Co., supra,* it is held that there is a distinction between an apportionment made by the Legislature, and an assessment made by a municipal corporation or by those to whom the Legislature has delegated the power. In the case of *Parsons* v. *District of Columbia, supra,* where the Act of Congress provided that the assessments for laying water mains in the District of Columbia should be at the rate of $1.25 per linear front foot against all land abutting upon the street in which the mains were laid, the Court held that the Act was conclusive of the necessity of the work and of its benefit as against the abutting property, and said: "There is a wide difference between a tax or assessment prescribed by

a legislative body, having full authority over the subject, and one imposed by a municipal corporation, acting under a limited and delegated authority. And the difference is still wider between a legislative act making an assessment, and the action of mere functionaries, whose authority is derived from municipal ordinance. By this legislation a comprehensive system, regulating the supply of water and the erection and maintenance of reservoirs and of water mains, was established, and of this legislation every property owner in the District must be presumed to have notice. And accordingly when by the Act of August 11, 1894, Congress enacted that thereafter assessments levied for laying water mains in the District of Columbia should be at the rate of one dollar and twenty-five cents per linear front foot against all lots or land abutting upon the street, road or alley in which a water main shall be laid, such an act must be deemed conclusive alike of the question of the necessity of the work, and of the benefits as against abutting property. To open such questions for review by the Courts, on the petition of any or every property holder, would create endless confusion. Where the Legislature has submitted these questions for inquiry to a commission, or to official persons to be appointed under municipal ordinances or regulations, the inquiry becomes in its nature judicial in such a sense that the property owner is entitled to a hearing or to notice or an opportunity to be heard." The Court said further that this distinction was clearly brought out in the case of *Stewart* v. *Palmer,* 74 N. Y. 183, which is the case cited and relied on in *Ulman* v. *Baltimore,* 72 Md. In the case of *French* v. *Barber Asphalt Paving Co., supra,* the cost of the improvement was apportioned according to the charter of Kansas City, which provided that the total cost of the work should be apportioned and charged against the lands abutting on the pavement according to the frontage of the several lots or parcels of land, and the Supreme Court of the United States, after a careful review of the earlier cases, held that the rule of apportionment among the parcels of land benefited "rests

within the discretion of the Legislature, and may be directed to be in proportion to the position, the frontage, the area or the market value of the lands, or in proportion to the benefits as estimated by commissioners." According to the rule established by these recent decisions, the Legislature may apportion the cost of the improvement of a street or avenue among the owners of the abutting property according to the front foot rule, and this rule is in accord with the decisions in this State prior to the case of *Ulman* v. *Baltimore, supra,* which, as applied to an apportionment by the Legislature, have not been overruled. In the case of *Baltimore* v. *Johns Hopkins Hospital, supra,* JUDGE MILLER said: "It is conceded, on all sides, to be the province of the Legislature to prescribe, in such cases, how the apportionment shall be made, and this may be either by the front foot, by the area of the fronting lots, or by their value, including or excluding the buildings upon them. Occasional hardships may result from the adoption of either mode, but the authorities are united in the conclusion that either may lawfully be made the basis of apportionment."

We have examined the cases cited by the appellant, but do not think they are sufficient to justify a conclusion contrary to the decisions to which we have referred. In the case of *Hammett* v. *Philadelphia,* 65 Pa. 146, the learned Court held that as the street was already paved, etc., under the statute the cost of the improvements in that case could not be assessed upon the adjacent property.

In the light of the authorities cited the provision of section 8B of the Act 1904, providing for the construction of pavements, boardwalks, etc., by the Mayor and City Council of Ocean City, and the assessment in this case are not open to the objections urged by the appellant.

*Judgment affirmed, with costs.*