THOMAS COLEMAN *vs.* NORTHERN PACIFIC RAILROAD COMPANY.

May 5, 1887.

**Limitation of Actions—Adverse Possession—Color of Title.**—Where the occupant of land entered without color of title, there must be actual occupancy to constitute adverse possession, and the adverse possession in such a case is only co-extensive with such occupancy.

Appeal by defendant from an order of the district court for Anoka county, *Koon,* J., presiding, refusing a new trial. Defendant's railroad was located and built across plaintiff's farm, and cattle belonging to plaintiff were killed, while upon this part of the track, by a locomotive. The question was whether the cattle or the locomotive was rightfully upon the *locus in quo* at the time of the accident. The only claim of title by defendant was based on alleged adverse possession of its grantor the St. Paul, Minneapolis & Manitoba Ry. Co., and its predecessor, for more than 20 years.

*John C. Bullitt,* for appellant.

*Hammons & Hammons,* for respondent.

MITCHELL, J. If the occupant of land entered without color of title, and relies solely on his adverse possession a sufficient length of time to mature a title, he can only retain so much as he had in actual possession. To constitute adverse possession in such a case, there must be an actual occupancy,—a *pedis possessio;* and the adverse possession is only co-extensive with such occupancy. In this case the St. Paul & Pacific Railroad Co., (through whom defendant claims title,) in 1862, without any color of title, entered the land of plaintiff, and constructed its railroad across it, the width of the strip actually appropriated and occupied for that purpose being 14 feet; the plaintiff remaining in the actual and exclusive possession of the remainder, and no attempt being made by the railroad company to use or occupy any greater width, until 1880, when the St. Paul, Minneapolis & Manitoba Railway Company, (the successor of the St. Paul & Pacific Railroad Company, and the grantor of the defendant,) fenced in a strip 100 feet wide. The 43 feet conveyed to the defendant was a part of this 100 feet, but no part of the 14 feet.

The contention of the defendant seems to be that the adverse possession of the 14 feet will be extended constructively, and by operation of law, to the width of 100 feet, without any actual occupancy of the remaining 86 feet, because the company was by its charter authorized to take that width for the purposes of its road. This is untenable. The railroad company never attempted to condemn under the statute 100 feet, or any other width. It merely entered as a trespasser, and occupied, without color of title, 14 feet, and consequently its adverse possession was limited by its actual occupancy.

This was the only question discussed, all others being expressly waived by counsel upon the argument.

Order affirmed.