# DRUMM-FLATO COMMISSION COMPANY, Respondent, v. GERLACH BANK, Appellant.

Kansas City Court of Appeals, May 30, 1904.

1. **APPELLATE PRACTICE: Former Appeal: Demurrer to Evidence.** A former opinion in this case, reported in 92 Mo. App., 326, is held not to preclude the appellate court from passing on the question whether there was sufficient evidence to send the case to the jury.

2. **TRIAL PRACTICE: Reasonable Time: Jury Question: Evidence.** A reasonable time is a mixed question of law and fact unless there are fixed rules for its determination by the court or the evidence is uncontradicted and neither of these alternatives are presented in this record.

3. ————: **Instruction: Covering Whole Case: Excluding Defense.** An instruction attempting to cover the whole case should not exclude the defense; and where the instructions taken as a whole present the issues fairly and do not mislead they are all the law requires; and an instruction summarized in the opinion is held calculated to mislead.

4. **BANKS AND BANKING: Deposit for Third Party: Inflicting Claims: Reasonable Time: Instruction.** Where money is deposited in a bank by one party to the credit of another, an agreement between the depositor and a stranger claiming the deposit that the latter have time to investigate, can not bind the bank whose duty it is to hold the deposit a reasonable time to allow the claimant to protect his rights and an instruction relating to such an agreement is condemned.

5. **CHATTEL MORTGAGE: Satisfaction: Instruction.** Where the mortgagee received the total number of cattle covered by his mortgage the mortgage is satisfied whether there was a formal delivery or not; and an instruction relating to the subject is criticised.

6. ———: **Evidence: Copy.** The action of the court in admitting in evidence a copy of the mortgage is approved.

7. **EVIDENCE: Book Entries: Scale Tickets.** Scale tickets showing the figures relating to a sale were handed to the keeper of the sales book who made the entries therefrom and the tickets were delivered to the purchaser. *Held,* the entries were original and admissible in evidence.

8. ———: **Ownership: General Reputation.** In a contest over the ownership of certain cattle general reputation in the community that the cattle were generally known, recognized and spoken of as the property of one of the claimants though of slight probative force, may with propriety be admitted in evidence.

9. **TRIAL PRACTICE: Argument: Instruction.** The trial court may further instruct the jury when made necessary by false argument in the closing speech; but an instruction offered is held to be an abstraction and ineffectual, if concrete, to change the result.

10. ———: **Demurrer to Evidence.** On the evidence it was held a question for the jury to determine which of the two claimants in fact owned the property.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover,* Judge.

REVERSED AND REMANDED.

*Charles Swindall* and *Elijah Robinson* for appellant.

(1) The court should have directed a verdict for the defendant. Plaintiff's own evidence showed that it had ample time and opportunity to take legal action to hold the money in controversy, and that it was urged to do so, but did not do so because it was looking to Edmisson to pay the balance due it. Drumm-Flato Co. v. Gerlach Bank, 92 Mo. App. 326. (2) The court

committed error in admitting in evidence on the part of plaintiff certified copy of what purported to be a copy of the mortgage under which plaintiff claims. (3) The trial court committed error in admitting irrelevant evidence on the part of the plaintiff. Ferguson v. Thatcher; 79 Mo. 511; Frederick v. Allgaier, 88 Mo. 598; State v. Blunt, 91 Mo. 503; Mathias v. O'Neill, 94 Mo. 520; Bank v. Bank, 64 Mo. App. 253; Weber v. Insurance Co., 5 Mo. App. 51; Jackson v. Smith, 7 Cowen 719; Thompson v. Bowie, 4 Wallace 463; Carlin v. Bank, 86 Mo. App. 592. (4) The court committed error in admitting in evidence entries in plaintiff's books showing the number of cattle received. Wells v. Hobson, 91 Mo. App. 379; Nelson v. Nelson, 90 Mo. 460; Robinson v. Smith, 111 Mo. 205; 9 Am. and Eng. Ency. Law (2 Ed.), 901. (5) The court committed error in giving plaintiff's instruction 3. Said instruction did not correctly state the law applicable to the case, and, moreover, was in direct conflict with instructions given at the request of the defendant. Stevenson v. Hancock, 72 Mo. 612; Price v. Railroad, 77 Mo. 509; Henschen v. O'Bannon, 56 Mo. 289; Wilmott v. Railroad, 106 Mo. 535; Bank v. Hatch, 98 Mo. 377; Spillane v. Railroad, 111 Mo. 555; Wallis v. Westport, 82 Mo. App. 522; White v. Insurance Co., 93 Mo. App. 282; Linn v. Bridge Co., 78 Mo. App. 118; Shoe Co. v. Lisman, 85 Mo. App. 340; Carder v. Primm, 60 Mo. App. 423; Kinner v. Tschirpe, 54 Mo. App. 578. (4) The court committed error in excluding evidence of W. G. Baird and Did Wilkinson, to the effect that the cattle in controversy were generally known, recognized and spoken of as belonging to Mr. Randall, and that they never heard of any one else claiming to own said cattle, or any interest in them. Neudeck v. Grand Lodge, 61 Mo. App. 97 (105); 1 Greenleaf Evidence, sec. 101; Abbot's Trial Evidence, p. 179. (5) The court committed error in giving plaintiff's instruction 4. Defendant's obliga-

tion in the premises was fixed by the law and could not be enlarged by any contract between the plaintiff and the Globe Company. Drumm-Flato Co. v. Gerlach Bank, 92 Mo. App. 326. (6) The court committed error in giving plaintiff's instructio: 13. Defendant's evidence showed that Edmisson delivered to plaintiff 1,710 head of cattle and soon thereafter rounded up 400 more, for the purpose of delivering them to plaintiff, and that plaintiff's agent, in the absence of Edmisson, took possession of them. (7) The court committed error in giving plaintiff's instruction 14. The burden of proof rested upon the plaintiff to show that at the date of the institution of this suit the debt secured by the mortgage under which it claimed the cattle in controversy, had not been paid. These instructions were calculated to mislead the jury. Chitty v. Railroad, 148 Mo. 64; Edwards v. Railroad, 79 Mo. App. 257; Colliott v. Mnfg. Co., 71 Mo. App. 163; Milligan v. Railroad, 79 Mo. App. 393; Mound City v. Conlon, 92 Mo. 221; Wilmott v. Railroad Co., 106 Mo. 535; Estes v. Shoe Co., 155 Mo. 573; Hoepper v. Hotel, 142 Mo. 378; Bradley v. Railroad, 138 Mo. 293. (8) The court committed error in refusing defendant's instruction asked at the close of the argument.

*Botsford, Deatherage & Young* for respondent.

Submitted an extended argument.

SMITH, P. J.—This case was before us by appeal on a former occasion, as may be seen by reference to the 92 Mo. App. 326. The pleadings, evidence and instructions as reported in that case are much the same as in that now before us. The judgment in the former case, which was for defendant, was reversed and the cause remanded. That in this was for the plaintiff and defendant has appealed.

## I.

The defendant now insists that the instruction in the nature of a demurrer to the evidence requested by it should have been given instead of refused. Nothing is seen in the opinion reported in the case when here on the former appeal that in any way precludes us from entering into an examination of the propriety of the action of the court in denying the demurrer. It is true that in respect to a certain issue in the case it was stated that there was evidence adduced sufficient as to that to go to the jury; but it is not to be understood by that, or any other remark made in the course of the opinion, that our right to now consider whether or not the evidence is sufficient to entitle plaintiff to a submission, is foreclosed. In that opinion it was *inter alia* said that where money is deposited in a bank to the credit of one person and the bank has notice that it is claimed by another, the bank is bound to hold the deposit a sufficient length of time to afford such other an opportunity to assert his claim; and if he has a reasonable time allowed him for that purpose and fails to do so, the bank may pay the deposit to the depositor without any liability to the adverse claimant. And in the same connection it was said that the plaintiff "had a reasonable length of time to have asserted its rights and no more; and this was a question for the jury under a proper instruction."

The defendant now insists that the evidence measured by this standard discloses no liability on the part of the defendant and that therefore the court erred in its submission of the case to the jury. The general rule is, that what is a reasonable time is a mixed question of law and fact which, under proper instructions of the court, ought to be submitted to the jury. There are, however, two well-recognized exceptions to this: (1), where there are fixed and certain rules for its determination by the court; and (2), where the uncontro-

verted evidence so clearly proves the issue that there is really no question in respect to it to be submitted to the jury.   In such cases the question may be treated as one of law and passed upon by the court without any encroachment on the province of the jury.   1 Greenleaf on Evidence, section 40; Skeen v. Springfield, 34 Mo. App. 1. c. 485, and cases there cited.

Manifestly, the case in hand does not fall within either of the exceptions and therefore the reasonableness of the time in which the plaintiff might have taken the requisite legal steps to assert its claim to the deposit was a question that was properly submitted to the jury under the instructions.

## II.

The defendant further complains of the action of the court in giving the plaintiff's third instruction which told the jury that, "if you find from the evidence that the cattle shipped by Randall to the Globe Live Stock Commission Company were a part of the cattle owned by Edmisson and conveyed by him to plaintiff by the chattel mortgage read in evidence, then the payment by defendant to said Randall of the proceeds of said cattle, either with the consent or pursuant to the direction of said Globe Live Stock Commission Company, or of one Coffee, constitutes no defense to this action."

This instruction purports to be complete within itself and to submit the whole case.   It in effect excludes from the consideration of the jury the principal defenses pleaded by the answer of the defendant.   If it had been qualified by the rule enunciated in the defendant's third, it would have been well enough.   It was repugnant in expression to those given for defendant and was calculated to mislead the jury to the injury of the defendant.   It is quite true that under the rule of practice at present in vogue in this State it is not neces-

sary that an instruction should refer to another or that the issues involved in a case should be presented to the jury to be passed upon in one instruction; but if the instructions taken as a whole . present the issues fairly *and are not calculated to mislead the jury they are all the law requires.* Minter v. Bradstreet, 174 Mo. l. c. 494, and cases there cited.

The instructions here do not meet the second requirement of the foregoing rule because of the misleading character of that of plaintiff previously quoted. If the jury found, as they were warranted by the evidence in doing, that the Randall cattle were covered by the mortgage from Edmisson to plaintiff, then, under plaintiff's instruction, if it found, as it very well might have done, the proceeds of those cattle had been deposited in the defendant bank that then it was liable without reference to whether or not the plaintiff, after it became aware of the deposit, within a reasonable time thereafter took the requisite steps to assert its right to the proceeds so deposited. The contention that this instruction was calculated to mislead is so obviously well grounded as to require no argument to support it. The instruction should not have been given.

## III.

The defendant's further complaint is that the court erred in giving plaintiff's fourth instruction which told the jury "that if you find from the evidence that it was agreed on October 20, 1899, by Mr. Flato for plaintiff and Mr. Vorhees, the general manager of the Globe Commission Company, that plaintiff should have time to make investigation and to bring suit, and that thereupon said Vorhees in the two telegrams sent to defendant by him warned and directed defendant to either hold or return the money in question pending such investigation, and that notwithstanding such notice and direction defendant, on November 1, 1899, paid

said money to Randall, and that at time of such payment a reasonable time had not elapsed to enable plaintiff to complete such investigation and to bring suit for the money against defendant, then your verdict should be for plaintiff, if you further find from the evidence that the cattle shipped by Randall and sold by the Globe company were a part of the cattle that were owned by Edmisson and covered and conveyed by the mortgage read in evidence and given by Edmisson to plaintiff.''

It is quite difficult to see how any agreement between the agent of plaintiff and that of the Globe Commission Company could in any way bind or affect Randall or the defendant, neither of whom was party to it. The law fixed the obligation of the defendant in respect to holding and paying the deposit and that obligation could not be altered by the agreement of the plaintiff and the Globe Commission Company. Notwithstanding this agreement, it was the duty of the defendant to hold the proceeds of the sale of the cattle a sufficient length of time, regard being had to all the attending facts and circumstances, to allow plaintiff a reasonable opportunity to take legal steps to enforce its claim thereto. Defendant was not required, as the instruction declared, to hold the proceeds until a reasonable time had elapsed to enable plaintiff to complete its investigation and to bring suit against defendant.

The agreement between plaintiff and the Globe Commission Company was not a factor to be taken into consideration in determining whether or not the defendant after receiving the request of Mr. Vorhees to hold or return the deposit of the proceeds, waited a reasonable time, regard being had to all the attending circumstances, for the plaintiff to take steps to assert its claim to the deposit, before it paid over the same to Randall, and for this reason, we think the instruction—number four—was erroneous. The agreement neither tended to prove nor disprove any issue in the case. It is cer-

tainly not the law that where money has been deposited in a bank by one person to the credit of another that a third person, thinking himself entitled to it, by getting some one else to give notice to the bank of his claim, can thereby require the bank to withhold it from the person to whose credit it was deposited, until it shall suit his—the claimant's—convenience to hunt up evidence to sustain any suit which he may choose thereafter to bring to establish his claim. Anyone claiming money deposited in a bank to the credit of another ought to be required to exercise the same diligence in taking legal steps to assert his claim thereto that a reasonably prudent and diligent person would exercise in attaching the property of his debtor when satisfied that such debtor is about to make a fraudulent disposition of his property or to remove the same from the state. Accordingly, we think this instruction should not have been given.

## IV.

The plaintiff's thirteenth instruction told the jury that if it found from the evidence that Edmisson had not delivered to plaintiff nineteen hundred head of cattle since November 22, 1899, that it should find that the mortgage sued on in this action had not been paid or satisfied, but was still in force. It seems to be conceded that Edmisson delivered to Bryson, plaintiff's agent, 1,710 head of cattle, and there was evidence that another agent of the plaintiff in the absence of Edmisson took possession of and drove away 400 head more which had been rounded up by Edmisson for delivery to plaintiff's agent, Bryson. If these 400 head were in that way taken possession of by plaintiff's agent, this would amount to a complete performance on the part of Edmisson of the contract of November 22, 1899. The plaintiff's said instruction was unhappily worded and was calculated to mislead the jury. If the plaintiff received the number of cattle required by the said agree-

ment, whether there was a formal delivery of them by Edmisson or not the mortgage was thereby satisfied.

## V.

As near as we can understand it, the mortgage admitted in evidence over the objection of the defendant was a copy of the original, and if so the action of the court in that regard was not erroneous. Howell v. Caryl, 50 Mo. App. l. c. 448.

## VI.

The defendant contends further that the court committed error in admitting in evidence entries in the plaintiff's books showing the number of cattle which had been received by plaintiff subsequent to the contract of November 22, 1899. It appears from the testimony of the witness Burnett, who was plaintiff's bookkeeper, that the entries made by him in plaintiff's books were taken from scale tickets; that the usual way of making the scale tickets was from the weighing of the cattle, and at the time of the weighing he was furnished with the scale tickets showing the sale and all the figures and then after making the entries in his scale book the scale tickets were turned over and delivered to the buyers of the cattle. In this way the entries in the scale book became original entries and were admissible in evidence under the rule announced in Wells v. Hobson, 91 Mo. App. l. c. 385-6; Nelson v. Nelson, 90 Mo. 460; Robinson v. Smith, 111 Mo. 205; 9 Am. and Eng. Ency. of Law (2 Ed.), 901. Remaining authorities on this point in defendant's brief.

## VII.

The court refused to permit the defendant to prove by the witnesses Baird and Wilkinson that the cattle, from the sale of which the proceeds in dispute arose, were generally known, recognized and spoken of in the

community as the property of Randall and that they never heard of anyone else claiming to own them or any interest in them, and of this the defendant complains as error. It is stated in some of the elementary books and adjudged cases that it is considered that evidence of general reputation, reputed ownership, public general notoriety and the like, though composed of speech of third persons not under oath is original evidence and not hearsay; the subject of inquiry being the concurrence of many voices to the same fact. 1 Greenleaf on Ev., sec. 101; Abbot's Trial Ev., 179; Neudeck v. Grand Lodge, 61 Mo. App. 97. It is contended that the cattle belonged to Edmisson and were covered by the plaintiff's mortgage and that in order to defraud plaintiff, Edmisson shipped the cattle to Kansas City in the name of Randall, pretending they were the latter's. The testimony offered under the circumstances and in connection with the other evidence doubtless possessed some slight probative force and might with propriety have been admitted.

## VIII.

At the conclusion of the argument to the jury by plaintiff's attorney, the defendant requested an instruction which advised the jury that, "when one person deposits money in bank to the credit of another the bank has no right to return it to the person who made the deposit without the consent of such other." This was but an abstract declaration of law and as such was no doubt correct. It was perhaps sufficiently timely. Yore v. Transfer Co., 147 Mo. l. c. 687. It is the duty of a trial court to further instruct the jury, if requested by defendant so to do, in any case where it is made necessary by the false argument of plaintiff's counsel in his concluding address to the jury. The performance of this duty is sometimes required in order to secure a fair and impartial trial of a cause. An examination of the

affidavits, filed with the motion for a new trial, has not convinced us that had the instruction been concrete in its expression that its refusal would have been prejudicial to defendant. Nor do we think the giving of it would have effected a different result. We do not think the refusal of the court to give said instruction, under the circumstances disclosed by the record, calls for any interference by us.

### IX.

A somewhat extended examination of the evidence has not persuaded us that there was no substantial evidence adduced which tended to show that the Randall cattle had never been the property of Edmisson. Whether or not they belonged to Randall or Edmisson was under the evidence an issue of fact for the determination of the jury and not the court.

The judgment must be reversed and cause remanded. All concur.