75  283
77  397

SAINT LOUIS SOUTHWESTERN RAILWAY COMPANY *v.* DAVIS.

Opinion delivered May 6, 1905.

EMINENT DOMAIN —PRESCRIPTION—ADVERSE POSSESSION.—In the absence of a grant, or verbal donation, or an appropriation under charter powers, a railroad company will not acquire title by prescription or adverse possession to any more land than it takes and holds by actual occupancy.

Appeal from Columbia Circuit Court in Chancery.

CHARLES W. SMITH, Judge.

Affirmed.

### STATEMENT BY THE COURT.

This suit was brought by appellant in the circuit court of Columbia County, August 7, 1897, alleging that it was the owner of a right of way through and across the northwest quarter of the northeast quarter of section 15, township 16 south, range 23 west, fifty feet wide on either side from the center of its track, and that defendant has fenced up a part of said right of way on either side by fences parallel with the track, and claimed the same, and refused to give possession thereof. The complaint prayed for a judgment for possession of its right of way and for damages.

Appellee answered, and denied the allegations of the complaint, particularly that plaintiff was the owner of any right of way across said tract, and alleged that when the track was built the land was owned by the Vicksburg & Meridian Railroad Company, and that the track was permissively built thereon, and that plaintiff had since that time permissively operated the road across said land, and that defendant is the owner of said land by conveyances from said Vicksburg & Meridian Railroad Company.

Complainant filed its reply to said answer, denying the allegations therein, and particularly that it held said right of way permissively, and saying that the railroad has been built thereon,

and was a valuable and lasting improvement thereon, and that defendant in equity and good conscience was estopped from trying to revoke the license, if it was a fact that such had been given, and plaintiff prayed that the cause be transferred to the equity docket.

The cause was transferred to the chancery docket and tried. The court decreed to the complainant that part of the one hundred feet right of way outside the fences of the defendant; that is, such part of the 100 feet as he had inclosed by his fences running parallel with the railroad track on either side.

The court made the following findings of fact, which appellant concedes were sustained by the proof: "That the railroad, on the line as at present located, was located and built in the year 1882, by the Texas & St. Louis Railway Company across the land in controversy, towit: the northwest quarter of the northeast quarter of section 15, township 16 south, range 23 west, in Columbia County, Arkansas. That the plaintiff, the St. Louis Southwestern Railway Company, is the successor, by proper mesne conveyances, to all the rights, privileges and property of the Texas & St. Louis Railway Company. That said railroad was located one hundred feet wide, fifty feet on either side of the center of the track of said road, through said county of Columbia and other counties in the State of Arkansas, and through the land in controversy, and possession taken of said strip. That neither said railway company, nor its successors, including the plaintiff, acquired any rights of way from this defendant by purchase and deed. That when said Texas & St. Louis Railway was located and built the said land in controversy was owned by the Vicksburg & Meridian Railroad Company, and afterwards bought by W. T. Davis & Company, of which firm the defendant was a member. That in the year 1893 the other members of said firm of W. T. Davis & Company conveyed their interest in said land to this defendant by proper deed of conveyance. That none of said tract of land, save that cleared and occupied by said railroad company, was cleared or fenced when the same was purchased by W. T. Davis & Company from the Vicksburg & Meridian Railroad Company, and none of the same was in cultivation. That in the year 1883 said W. T. Davis & Company built a saw

mill on this land within one hundred and fifty feet of the track of said railroad company, and built its lumber piles and lumber trams and dry houses within fifty feet of the center of the track of said railroad; some of the lumber sheds being within twenty or twenty-five feet of the main track, and that said W. T. Davis & Company used some parts of said claimed right of way between said saw mill and the railroad track on the south side thereof. That soon afterwards, towit, in the same year, 1884, the said W. T. Davis & Company built fences on either side of said railroad track, which fences were part of the way across said 40-acre tract, and which fences were in some places within fifty feet of the center of the said railroad track. That said fences remained as then located until the year 1897, when they were reset and placed generally nearer, and in some places considerably nearer said railroad track, and there remained as then fixed at the date of the institution of this suit, towit: August 7, 1897, and so remained in the year 1899. That the use of fencing of said land, as used and fenced by the defendant, was done without asking any questions of the plaintiff or its predecessors, and that such use did not interfere with its use by the plaintiff for the purpose of its railroad until the year 1897, just prior to the bringing of this suit, when it attempted to fence its right of way when this controversy arose. That neither party gave the other any specific notice of adverse claim, and they only had such notice of the claim of the other as their use and possession indicated."

*S. H. West* and *Gaughan & Sifford,* for appellant.

The appellant had acquired title by adverse possession. 51 Ark. 271; 67 Ark. 84; 14 Am. & Eng. R. Cas. 1; 13 S. W. 680. Appellee's title was not adverse. 43 S. W. 771; 14 S. W. 776; 58 Ark. 150; 69 Ark. 562, 504.

*Stevens & Stevens,* for appellee.

WOOD, J., (after stating the facts.) The appellant does not show any title to the land in controversy by adverse possession. It did not enter upon the land by virtue of any grant from the owner, or under any right of eminent domain. It appears from

the answer that the grantors of appellant "previously built the tracks" on the land. But there is nothing to show that the permission of the landowner extended to any portion of the land other than that covered by the track. There does not appear to be any verbal donation of a right of way one hundred feet wide, as there was in the case of *Hargis* v. *Kansas City, C. & S. Ry. Co.,* 100 Mo. 210, cited by appellant. The findings of fact show that possession was taken of a strip of land one hundred feet wide. But appellant actually occupied only that portion covered · by its track for a period sufficient to give it title to the easement by prescription. The land in controversy was fenced by the grantors of appellee two years after appellant's grantors located their right of way, and the land has since been continuously held by appellee and his grantors. In the absence of a grant or verbal donation, or appropriation under charter powers, a railroad company will not acquire title by prescription to any more land than it takes and holds by actual occupancy.

The railway company claims title to its easement by adverse possession. It has no color of title, and has not shown any right of eminent domain. It denies that it has any right to the lands by permission of the owner. It has the burden of proof, and under such circumstances no presumptions will be indulged. *Pedis possessio* for seven years must be shown. The authorities relied upon by appellant are not applicable to the facts found by the court, which appellant concedes to be correct.

Affirmed.

BATTLE, J., not participating.