WALKER D. HINES, Director General of Railroads, and THE PENNSYLVANIA RAILROAD COMPANY

*vs.*

ELSIE J. SYMINGTON.

*Adverse Possession—By Railroad Company—Right of Way—Extent.*

A railroad company can ordinarily acquire by adverse possession such land only as it holds by actual occupation.    p. 444

The charter right of a railroad company to acquire land of a specified area does not give it color of title to that extent with respect to land of which it has appropriated a smaller area by permission of the owner, there being no principle upon which the effect of its actual occupation should be extended on the theory of constructive possession.              pp. 444, 445

Where the extent of the property is undefined in the instrument by which the color of title is said to be created, there is no basis upon which a constructive enlargement of the possession can be supported.                    p. 445

As against one in possession of a part of land and claiming the whole under color of title, the possession of part by the rightful owner of the whole is constructive possession of all that not actually occupied by the claimant.          p. 446

That in a conveyance of part of a tract of land to a railroad company, the railroad, then being located by the company, through the tract, was assumed to have a certain width, did not show that the company had a right of way of that width through that part of the tract retained by the grantor.

pp. 446, 447

That in a deed of partition and a plat referred to therein, with neither of which the railroad company had any connection, and for which it furnished no consideration, the railroad right of way was assumed to be of a certain width, did not invest it with a right of way of that particular width.    p. 447

Where the character of possession is material as reflecting on its extent, evidence of general reputation in regard thereto,

which existed before any dispute as to the possession arose, is admissible.                pp. 447, 448

Where two counts of the declaration, which are not demurred to, are sufficient to support the recovery by plaintiff, and all the evidence admitted is referable to those counts, defendant cannot ask a reversal because of the ruling on a demurrer to another count.                p. 448

*Decided January 12th, 1921.*

Appeal from the Circuit Court for Baltimore County (DUNCAN, J.).

The cause was argued, together with that next following, before BOYD, C. J., THOMAS, PATTISON, URNER, STOCK-BRIDGE, ADKINS, and OFFUTT, JJ.

*Shirley Carter,* with whom was *Bernard Carter & Sons* on the brief, for the appellants.

*Stuart S. Janney* and *Frank B. Ober,* for the appellee.

URNER, J., delivered the opinion of the court.

The appellee is the owner of land in Baltimore County along the margin of which extends a line of railway known as the Green Spring Branch of the Pennsylvania Railroad Company. In this suit recovery was sought and obtained by the appellee for the alleged appropriation of part of her land by the railroad company for the construction of a siding connected with the existing single track of the branch line just mentioned, and the use of the siding for the operation of freight trains in such manner as to cause injury to the appellee's nearby dwelling and serious discomfort to the occupants. The most important question in the case is whether there is legally sufficient evidence to prove that the siding was constructed upon the appellee's land and not upon ground which the defendant railroad company was entitled to use for that purpose as being included within the limits of its right of way. While the siding was built before the period of federal control of railroads, and the suit was not brought

until after the close of that period, some of the consequential damages sued for were sustained during the administration of the Director General of Railroads, and for that reason, presumably, he was joined with the Pennsylvania Railroad Company as a defendant.

The Green Spring Branch railroad was originally constructed about eighty years ago by the Baltimore and Susquehanna Railroad Company, under a charter which provided that the width of the railroad should not exceed sixty-six feet. After various 'intermediate transfers, the possessory and operative rights in the railroad are now vested in the defendant railroad company as lessee. There was testimony admitted at the trial to the effect that the ground occupied by the railroad adjacent to the land now owned by the plaintiff was not acquired by the Baltimore and Susquehanna Railroad Company, or by any of its successors, through condemnation proceedings or by any method of conveyance, but that the company built its railway over the land by permission of the plaintiff's predecessor in title. It was a single track railroad and, where it borders on the plaintiff's land, the full width of the ground included within the bounds of its actual use and occupation was considerably less than the limit of sixty-six feet mentioned in the charter.

The evidence was in conflict as to whether the siding complained of was located beyond the space previously appropriated to the railroad, but the verdict of the jury decided that question of fact in favor of the plaintiff's contention. It does not appear, however, that the new track is outside of the right of way of the defendant railroad company, if it is entitled to the use of one sixty-six feet wide at that place. The theory of the defendant is that this is the real extent of its right. It contends that in view of the charter power of the Baltimore and Susquehanna Railroad Company to build a railroad of the width of sixty-six feet, and of the fact that its property and franchises were subsequently vested by authorized consolidation in the Northern Central Railway

Company, which in the year 1857 conveyed the railroad to the Western Maryland Railroad Company, which company reconveyed it in 1874 to the Northern Central Railway Company, by which it has been leased for ninety-nine years to the defendant railroad company, the predecessors in title of the latter company must be held to have been in adverse possession, from the year 1874, at the latest, of a railroad right of way sixty-six feet wide which includes the land in dispute. It is argued that whatever may have been the width of the space actually used and occupied for the railroad, and whatever may have been the extent of the right of user conferred upon the Baltimore and Susquehanna Railroad Company, the later and formal conveyances of the railroad should be regarded as placing the grantees in the position of having entered under color of title, and as consequently extending their adverse possession to the limits permitted by the franchise to which they had succeeded. A right of way sixty-six feet wide is therefore claimed by prescription.

It is a rule well supported by judicial opinion that a railroad company can ordinarily acquire by adverse possession such land only as it holds by actual occupation. Some of the decisions to that effect are: *James v. Indianapolis & St. L. R. Co.,* 91 Ill. 554; *Floyd v. Louisville & N. R. Co.,* 25 Ky. Law Rep. 2147, 80 S. W. 204; *Coleman v. North Pac. Ry. Co.,* 36 Minn. 525; *Phila. & Reading R. Co. v. Obert,* 109 Pa. 193; *Omaha & R. V. Ry. Co. v. Richards,* 38 Neb. 847; *Louisville & N. R. Co. v. Smith,* 141 Ala. 335; *St. Louis S. W. Ry Co. v. Davis,* 75 Ark. 283. There are decisions to the contrary, upon which the appellants rely, but we think the rule we have stated has the weight of reason and authority in its favor. It gives logical application to the general and well-settled principle that adverse possession without color of title affects only the land actually occupied. The charter right of a railroad company to acquire land of a specified area does not give it color of title *to that extent* with respect to land of which it has appropriated a smaller

area by permission of the owner. The color of title which the law recognizes is that which is created by an instrument purporting to give title to the particular land which it describes. It is only by virtue of a color of title thus created that actual possession of a part of the land described is constructively extended to the whole. In the ordinary case of a mere permissive entry and user by a railroad company, there is no just principle upon which the effect of its actual occupation should be extended in its favor on the theory of constructive possession.

Cases have been cited in which the landowner sued the railroad company to recover the value of his ground appropriated for its right of way, and in which he was held to be entitled to compensation for the full space which the company was authorized to acquire for that purpose under its charter. But there is a very important difference between a case of that class and the one we have now under decision. In the cases cited the land owner was conceding the right of the railroad company to the land included in a right of way having the full charter width, and the suit was to recover its reasonable value. In a case like the present the landowner is disputing the right of the railroad company to ground it did not originally and actually occupy, and it is claiming a larger area by constructive possession and without offer of compensation.

The conveyances under which the railroad with which we are now concerned eventually came into the control of the defendant company did not purport to transfer any other or wider right of way than that which the Baltimore and Susquehanna Railroad Company possessed. There is no description of the width of the right of way in any of the deeds by which the railroad was conveyed. Where the extent of the property is undefined in the instrument by which the color of title is said to be created, there is no basis upon which a constructive enlargement of the possession can be supported. 1 *R. C. L.* 713; 2 *C. J.* 172; *Lurman* v. *Hubner*, 75 Md.

268; *Gump* v. *Sibley,* 79 Md. 165; *Zion Church* v. *Hilken,* 84 Md. 170; *Hackett* v. *Webster,* 97 Md. 404.

There is a further reason why the rule as to constructive possession under color of title is not available in this case. The ground in dispute, as the jury found, has been in the possession of the real owners of the title. It is part of a tract of land of which the plaintiff and those under whom she claims have been seised and possessed for a period antedating the origin of the railroad. This Court has decided that the possession of part of a tract of land by the rightful owner is constructive possession of the whole, as against one in possession of a part and claiming the whole under color of title, except as to the part actually occupied by the claimant. *Schlossnagle* v. *Kolb,* 97 Md. 285. The facts of the present case bring it within the operation of that rule.

The ancestor of the grantor from whom the plaintiff obtained her title, conveyed to the Baltimore and Susquehanna Railroad Company in 1833 about sixteen acres of land which had formed a part of a tract in which the land involved in this litigation was also included, and the description in that conveyance to the railroad company is said to treat as being approximately sixty-six feet wide the railroad then being located through the land thus granted. A deed of partition, executed in 1890, under which the land now owned by the plaintiff was acquired in severalty by a preceding owner, describes the land as bounding on the center line of the railroad, and shows that line to be a projection of the one described in the deed of the sixteen acre tract executed fifty-seven years previously. On a plat, to which the deed of partition refers, there are double lines indicating the course of the railroad through the land conveyed, and the space between those lines is said to represent a width of nearly sixty-six feet according to the scale on which the plat was prepared. The contention is made that the deeds and plat just referred to support the inference that the right of way of the railroad through all the land forming part of the original

tract was definitely recognized as being of the full width authorized by the franchise of the corporation by which the road was constructed. In our opinion this is not a justifiable inference. The grantor of part of the tract for railroad purposes in 1833 could not justly be held to have conferred upon the grantee a right to appropriate a way sixty-six feet wide through the land he retained, merely because the railroad may have been assumed to have that width in the deed for the part conveyed, and the deed and plat of 1890, with which the company owning the railroad had no connection, and for which it furnished no consideration, could not have the effect of investing it with any rights to which it would not otherwise be entitled.

The fourteen prayers offered by the defendants were all based upon theories of defense which we have discussed and have been unable to adopt. There was no error in the refusal of the instructions thus proposed.

The three prayers granted at the plaintiff's instance were consistent with the views we have expressed, and the special and general exceptions to those prayers were properly overruled.

Thirty-nine exceptions were reserved in the course of the trial to rulings on the admissibility of evidence. Fourteen of these related to testimony offered by the plaintiff tending to prove the extent of the actual occupation by the railroad company prior to the construction of the siding in controversy. The admission of the testimony to which these exceptions refer was proper.

There were five exceptions to proof of general reputation among those living in the locality when the railroad was built as to the fact that the land which it occupied was used for that purpose by permission of the owners. That evidence of general reputation as to the *extent* of such possession would be admissible is settled by previous decisions of this Court. *Disharoon* v. *Waters,* 114 Md. 456; *Peters* v. *Tilghman,* 111 Md. 227; *Cadwalader* v. *Price,* 111 Md. 310; *Tyson* v.

*Shuey,* 5 Md. 450. In a case like the one before us, where the *character* of the possession is material as reflecting upon its extent, the proof of general reputation on that subject should be equally competent. The condition that such evidence must refer to a period before the existence of any dispute as to the possession was duly observed.

Two of the exceptions relate to the admission of letters to the defendant railroad company complaining of the use of the siding involved in this suit. One had reference merely to the order of proof. Three were reserved on account of the exclusion of evidence as to the conveyance to the Baltimore and Susquehanna Railroad Co. of land other than that affected by this litigation. Three others refer to the testimony of a title expert admitted to prove his unsuccessful search of the land records for conveyances or condemnation proceedings under which the land in question might have been acquired for the use of the railroad. Two were taken to explanations allowed to be given by a surveyor as to certain locations from descriptions in deeds offered in evidence. Another, the thirty-fourth, objected to the striking out of the testimony of a civil engineer of the defendant railroad company as to the location of the center line of the right of way. Of the four remaining exceptions as to evidence, one was opposed to the rule against hearsay testimony, two complained of the exclusion of evidence which was plainly irrelevant, and one was not pressed. The only ruling of those just noted as to the correctness of which we have any doubt is the one to which the thirty-fourth exception was taken, but we see no reversible error in that ruling when the proof as a whole is considered.

There was a demurrer, which was not sustained, to the third count of the declaration. The point raised by the demurrer to that count need not be discussed, since the two counts not demurred to were sufficient to support the recovery and all the evidence admitted in the case was referable to those counts. *Bassett* v. *M. & C. C. of Ocean City,* 118 Md. 114.

*Judgment affirmed, with costs.*