BRENNAN, Respondent, *v.* MAYO, Sheriff, et al., Appel-LANTS.

(No. 7,626.)

(Submitted September 28, 1937. Decided October 20, 1937.)

[72 Pac. (2d) 463.]

*Mr. W. E. Keeley* and *Mr. W. L. Hyde,* for Appellants, submitted a brief; *Mr. Keeley* argued the cause orally.

*Messrs. Pope & Smith,* and *Mr. J. C. Garlington,* for Respondent, submitted a brief; *Mr. Walter L. Pope* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This action is one in conversion to recover damages for the alleged wrongful taking of plaintiff's property by defendant Mayo, as sheriff of Mineral county.

The sheriff acted in pursuance of a writ of execution issued on a judgment recovered by George R. Cooper in an action against E. L. Brennan, plaintiff's husband. The issue involved in the action was whether plaintiff or her husband owned the property in question. This is the second appeal in the case, and for a more detailed statement of the facts reference is made to our former opinion in the same case reported in 100 Mont. 439, 50 Pac. (2d) 245.

Plaintiff prevailed on the second trial. Defendants' motion for a new trial was denied, and this appeal followed. The first point relied upon for reversal is that the court erred in admitting evidence of the fact that plaintiff was the reputed owner of the property in question. Whether such evidence was admissible as proof of ownership, in view of subdivision 12, section 10606, Revised Codes, we need not now determine. The

278

cases are not in accord on this question. (Compare *Simons* v. *Inyo Cerro Gordo Mining & Power Co.,* 48 Cal. App. 524, 192 Pac. 144; *Drumm-Flato Co.* v. *Gerlach Bank,* 107 Mo. App. 426, 81 S. W. 503; *Hines* v. *Symington,* 137 Md. 441, 112 Atl. 814; *Heuer* v. *Heuer,* 64 N. D. 497, 253 N. W. 856.)

Here defendants, by their affirmative defense, alleged that the defendant sheriff had no knowledge of plaintiff's ownership of the property in question. This issue of defendant's knowledge and good faith being raised in the case, evidence of the common reputation of ownership is admissible as some evidence tending to rebut the claim of a want of knowledge. In Wigmore on Evidence, second edition, section 254, it is said: "On the same principle, reputation of a *property interest* may serve to evidence knowledge or good faith wherever that state of mind is important in dealings with property. * * * so, too, a *purchaser's* knowledge of *equitable or other interests* may be evidenced by reputation; and the good or bad faith of the one *purchasing* or *receiving stolen goods,* or otherwise unlawfully dealing with chattels, may be evidenced by repute or by express communications made to him." And in section 245 the same author states: "There are, in a broad analysis, four kinds of circumstances (events or things) which may point forward to the probability that a given person received a given mental impression (i. e., obtained knowledge, formed a belief, or was made conscious); * * * (3) The *reputation* in the community on the subject, as leading probably to an express communication. (4) * * * Throughout all these four modes there run two considerations, affecting some modes more strongly than others; (a) The probability that the person received an impression of *any fact at all;* (b) the probability that from the particular occurrence he would gain an impression as to the *specific fact* in question. * * * (3) Reputation. Here the element (a) is the important one. The probative considerations are that, when a matter is so much talked of in a community that a reputation arises about it, a member of that community, in his ordinary intercourse with others, will come to hear it mentioned, i. e., by express communication; and the question is whether the

probability is that there would be such a general discussion and whether the person is likely to have learned of that discussion. The first part of this inquiry—whether a reputation can arise—depends on the nature of the matter; the second part depends on the situation of the person in question.'' (And compare *Maxwell Land Grant Co.* v. *Dawson,* 151 U. S. 586, 14 Sup. Ct. 458, 38 L. Ed. 279.)

This court, in *Griswold* v. *Boley,* 1 Mont. 545, has held that evidence of reputed ownership is admissible to rebut the allegation of fraud and deception on the part of plaintiff, and to show that defendants had not been deceived as to the ownership of the property.

In *Finch* v. *Kent,* 24 Mont. 268, 61 Pac. 653, 657, this court said: ''In *Griswold* v. *Boley,* 1 Mont. 545, which is cited by the defendants in support of their contention that evidence of such general reputation is competent and relevant, it appeared that the plaintiff had allowed her husband to control the property, to call it his own, and to exercise acts of ownership over it, with her consent, whereby the defendant supposed, and had a right to suppose, that the husband was the owner. The court said that, for the purpose of rebutting the allegation and proof as to fraud and conspiracy by the plaintiff and her husband, it was competent for her to show that it was generally known in the neighborhood that the property belonged to her, and was competent, also for the reason that it tended to show that the defendant had not been fraudulently deceived as to the ownership of the property. In so far as the views expressed on this subject in the *Griswold Case* may be deemed pertinent to the facts in this action, we are of the opinion that the rule of evidence there laid down is incorrect, and must be disapproved.'' By this statement the *Griswold Case* was not overruled in its entirety, but only as applied to the facts in the *Finch Case.*

In *Finch* v. *Kent* the action was one to set aside a conveyance from husband to wife on the ground that it was fraudulent as to creditors. The court properly said that: ''We are unable to perceive in what way evidence showing that Mary Kent was

generally reputed to be the owner of sheep purchased by her could have served to show good faith towards creditors.'' The creditors involved in that case became such prior to the alleged purchase by Mary Kent. That she was the reputed owner of the sheep after her alleged purchase could not have affected her good faith toward creditors. The court properly declined to apply the rule in the *Griswold Case* to the facts of the *Finch Case*. There is nothing in the *Finch Case* that militates against our present holding that the evidence complained of was admissible to rebut the charge of a want of knowledge of plaintiff's claim by defendants.

The order of proof was a matter resting in the discretion of the court. (*Griswold* v. *Boley,* supra; *Exchange State Bank* v. *Occident Elevator Co.,* 95 Mont. 78, 24 Pac. (2d) 126, 90 A. L. R. 740.) The evidence complained of was more appropriate by way of rebuttal, but no complaint is or could be made on this point, if the evidence was in fact admissible.

It is contended that the court erred in not striking the testimony of the reputed ownership of plaintiff after the witnesses had been cross-examined. It is contended that as to one witness his testimony should have been stricken because he could not name any person whom he had heard say that plaintiff owned the property; he did say, however, that he heard others say so. The court did not err in refusing to strike the testimony of this witness. His failure to name a person who had said that Mrs. Brennan owned the property simply went to the weight of his evidence.

Another witness who had testified concerning plaintiff's reputed ownership admitted on cross-examination that he had not heard anyone else say anything about it. The testimony of this witness should have been stricken (64 C. J. 206), but since there was direct evidence of plaintiff's ownership, and since another witness properly testified concerning her reputed ownership, we fail to see how defendants could have been prejudiced by the erroneous refusal to strike the objectionable testimony.

The next contention is that the court erred in permitting witnesses to testify that plaintiff, prior to this controversy, had stated to them that she was the owner of the property. Such evidence was properly received (*Williams* v. *Gray*, 62 Mont. 1, 203 Pac. 524), particularly where, as here, it was shown that plaintiff conducted and was in possession of the property in question at the time of the declarations, either exclusively or jointly with her husband. Likewise it was not error to permit plaintiff to testify that her husband never asserted ownership in the property.

No prejudicial error appearing, the judgment is affirmed.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES STEWART, ANDERSON and MORRIS concur.